FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 4 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**TIFFANY DRIVER**                                                  **PLAINTIFF**

**v.**                                          NO.: _____3:19-cv-00086 Jm/jd_____

**RUBEN HERNANDEZ; and**                                         **DEFENDANTS**
**REGENCY HOMEBUILDERS, LLC;**
**and JOHN DOES 1-5**

This case assigned to District Judge_____MOODY____
and to Magistrate Judge_____DEERE____

### JOINT NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, and other applicable rules or

law, Defendants Ruben Hernandez ("Hernandez") and Regency Homebuilders, LLC.

("Regency") hereby jointly file this Joint Notice of Removal of this case from the Circuit Court

of Crittenden County, Arkansas, Case No. 18CV-2019-187, where it is currently pending, to the

United States District Court for the Eastern District of Arkansas.  This cause is removable

pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiff

and the Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of

costs and interest.  Defendants respectfully show the Court as follows:

1. Plaintiff Tiffany Driver ("Driver") instituted a civil action against Hernandez and

Regency in the Circuit Court of Crittenden County, Arkansas on February 21st, 2019.  A true and

correct copy of all process and pleadings was served on Hernandez on March 8th, 2019 and

Regency on or about March 6th, 2019; Hernandez has timely filed his answer, which upon

information and belief constitute the entire state court record at the time of this Removal, and

which is attached hereto as Exhibit "A" and incorporated herein by reference thereto.

2. This action could have been originally filed in this Court pursuant to 28 U.S.C. §§ 1332 and 1367, in that there is complete diversity between Plaintiff and the properly named Defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Removal is, therefore, proper under 28 U.S.C. § 1441(a).

3. Notice of Removal is filed within thirty (30) days after receipt by any Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

4. The United States District Court for the Eastern District of Arkansas is the federal judicial district embracing the Circuit Court of Crittenden County, Arkansas, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 81(b)(1) and 1441(a).

## DIVERSITY OF CITIZENSHIP

5. Upon information and belief, Plaintiff Tiffany Driver is a resident citizen of the State of California.

6. Defendant Ruben Hernandez is a resident citizen of the State of Tennessee, and resides in Shelby County, Tennessee. Hernandez is not now, and was not at the time of the filing of Plaintiff's complaint a citizen or resident of the State of California within the meaning of the Acts of Congress relating to the removal of causes of action.

7. Defendant Regency is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business located in Memphis, Shelby County, Tennessee. Pursuant to 28 U.S.C. § 1332(c)(1), Regency is a citizen of Tennessee. Regency is not now, and was not at the time of the filing of Plaintiff's complaint, a citizen or resident of the State of California within the meaning of the Acts of Congress relating to the

removal of causes of action.

8.   Each of the John Does 1-5 named as defendants are identified as "any other unidentifiable person or entity who has liability for this incident", without setting out the citizenship of any of these John Doe defendants. However, the citizenship of each of the John Doe defendants can be ascertained from the allegations contained in paragraph 8 of the plaintiff's complaint, which indicates said defendants are related to Regency; therefore, it can be inferred that John Does 1-5, pursuant to 28 U.S.C. § 1332(c)(1) are citizens of the State of Tennessee or of the State of Arkansas. John Does 1-5 are not now, and were not at the time of the filing of Plaintiff's complaint, citizens or residents of the State of California within the meaning of the Acts of Congress relating to the removal of causes of action.

9.   Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants.

## AMOUNT IN CONTROVERSY

10.   The Plaintiff's complaint alleges various state law tort claims against both Hernandez and Regency.   As set forth in the "Wherefore" clause of the complaint, Plaintiff seeks damages in excess of $75,000.00.   Accordingly, the $75,000.00 jurisdictional threshold is satisfied in this case.

## MISCELLANEOUS

11.   A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Crittenden County, Arkansas, as provided by law, and written notice is being sent to Plaintiff's counsel.

12.   Defendant has not sought similar relief.

13. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Arkansas.

15. If any question arises as to the propriety of this removal, Defendants respectfully request the opportunity to present a brief and argument in support of their positions.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Ruben Hernandez and Regency Homebuilders, LLC, by and through their respective counsel, pray that the above action currently pending against them in the Circuit Court of Crittenden County, Arkansas be removed therefrom to this Court.

Respectfully submitted,

RUBEN HERNANDEZ

By: _____

Michael D. Snell (Ark. Bar # 07153)
P. O. Box 1280
Marion, AR 72364
(870) 739-8487
(870) 739-8491 (FAX)
Email: mdsnell@aol.com

REGENCY HOMEBUILDERS, LLC

By: _____

Justin Joy (Ark. Bar # 05288 )
Lewis Thomason
One Commerce Square
29th Floor

4

40 S. Main
Memphis, TN 38103
(901) 525-8721
(901) 525-6722 (FAX)
Email: Jjoy@LewisThomason.com

## CERTIFICATE OF SERVICE

I, Michael D. Snell, do hereby certify that a true and correct copy of the foregoing Notice of Removal has been served upon counsel of record for Plaintiff herein by placing a copy thereof for delivery by U.S. Mail, postage prepaid, and addressed as follows:

Mr. Robert L. Beard, Esq.
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222

This _4th_ day of April 2019.


Michael D. Snell

5



**OFFICE OF
TERRY HAWKINS
CIRCUIT COURT CLERK AND RECORDER**

# CRITTENDEN COUNTY

100 COURT STREET
MARION, ARKANSAS 72364

870-739-3248
Fax 870-739-3287

### CLERK'S CERTIFICATE

**STATE OF ARKANSAS
COUNTY OF CRITTENDEN**

I, Terry Hawkins, Clerk of the Circuit Court within and for the State and County

aforesaid, do hereby certify that the above and foregoing is a true, complete and accurate

copy of the entire file of the Circuit Court Civil Division  in Case No. CV2019-187

wherein, Tiffany Driver Is the  plaintiff and Ruben Hernandez, and Regency Homebuilders, LLC

and John Does 1-5 is the defendant  in cause no CV2019-187 As fully appears of record in my

office. In Testimony whereof, I have hereunto set my hand and affixed the seal of said Court

this 3rd day of April 2019.

TERRY HAWKINS, CIRCUIT CLERK

BY _____ D.C.



**OFFICE OF
TERRY HAWKINS
CIRCUIT COURT CLERK AND RECORDER**

# CRITTENDEN COUNTY
100 COURT STREET
MARION, ARKANSAS 72364

870-739-3248
Fax 870-739-3287

## CLERK'S CERTIFICATE

**STATE OF ARKANSAS
COUNTY OF CRITTENDEN**

I, Terry Hawkins, Clerk of the Circuit Court within and for the State and County

aforesaid, do hereby certify that the above and foregoing is a true, complete and accurate

copy of the entire file of the Circuit Court Civil Division  in Case No. CV2019-187

wherein, Tiffany Driver Is the  plaintiff and Ruben Hernandez, and Regency Homebuilders, LLC

and John Does 1-5 is the defendant  in cause no CV2019-187 As fully appears of record in my

office. In Testimony whereof, I have hereunto set my hand and affixed the seal of said Court

this 3rd day of April 2019.

TERRY HAWKINS, CIRCUIT CLERK

BY _____ D.C.



IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

**TIFFANY DRIVER**                                                                    **PLAINTIFF**

**VS.**                                    NO. CV 2019- 187

**RUBEN HERNANDEZ,**                                                          **DEFENDANTS**
**and REGENCY**
**HOMEBUILDERS, LLC**
**and JOHN DOES 1-5**

## COMPLAINT

COMES NOW the Plaintiff, Tiffany Driver, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1.      Plaintiff Tiffany Driver was at all times relevant a citizen and resident of Burbank, Los Angeles County, California.

2.      Upon information and belief, Defendant Ruben Hernandez (hereinafter "Defendant Hernandez") was at all times relevant a resident of Memphis, Shelby County, Tennessee.

3.      Upon information and belief, Regency Homebuilders, LLC (hereinafter "Defendant Regency") was at all times relevant the registered owner of the vehicle Ruben Hernandez was operating at the time of the collision and Defendant Hernandez' employer and/or principal. Defendant Regency is a domestic limited liability company and is registered with the Tennessee Secretary of State, and its principal address is 3420 South Houston Levee Road, Germantown, Tennessee 38139. Defendant Regency's Registered Agent is Mark B. Miesse, whose address for service of process is 7518 Enterprise Avenue, Germantown, Tennessee 38138. Defendant Regency is not registered with the Arkansas Secretary of State.

4.      Defendants John Doe 1-5 are any other unidentifiable person or entity who has liability for this incident. While Plaintiff believes that the relevant parties have been named herein,

she is adding John Does 1-5 as defendants out of an abundance of caution so that discovery can be conducted and any appropriate amendments can be timely made. Pursuant to Ark. Code Ann. § 16-56-125, an affidavit is attached to this Complaint.

## II. JURISDICTION AND VENUE

5.      All of the allegations previously plead herein are re-alleged as though stated word-for-word.

6.      This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

7.      Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

8.      Upon information and belief at all times relevant to the events mentioned herein, Defendants Regency and John Does 1-5 offered goods and services in Arkansas, solicited business in Arkansas, marketed their business in Arkansas and did, in fact, conduct business in Arkansas, including, but not limited to, residential home construction, residential home design and residential home interior design.

9.      The motor vehicle collision giving rise to this cause of action occurred on the north service road to I-55 North in West Memphis, Crittenden County, Arkansas.

10.     This court has personal jurisdiction over all the Defendants based on sufficient minimum contacts with and within Crittenden County, Arkansas (and throughout Arkansas) as stated herein at all times relevant.

## III. BASIC PREMISE

11.     This is a negligence case which arises from a motor vehicle collision that occurred on May 12, 2018, on the north service road at its intersection with I-55 North in West Memphis, Crittenden County, Arkansas.

2

## IV. FACTS

12.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

13.     On or about May 12, 2018, at approximately 8:25 PM, Plaintiff was a passenger in a 2011 Chevrolet Traverse traveling west on the north I-55 North service road at its intersection with I-55 North bound service ramp.

14.     At the same time, Defendant Ruben Hernandez was traveling east on the north I-55 North service road at its intersection with I-55 North bound service ramp in a 2013 Ford F250.

15.     The vehicle Plaintiff was in had the right of way and attempted to enter I-55 North by way of the I-55 North bound service ramp when Defendant Hernandez failed to yield the right of way to the vehicle Plaintiff was in and the vehicles had a head-on collision.

16.     As a result of the collision, Plaintiff Driver sustained personal injuries and damages.

17.     Upon information and belief, at the time of the collision, Defendant Hernandez was an employee and/or agent of Defendants Regency Homebuilders, LLC and/or John Does 1-5 and upon information and belief, Defendant Hernandez was acting in the course and scope of his employment and/or agency with Defendants Regency and/or John Does 1-5 at the time of the May 12, 2018 motor vehicle collision.

18.     Upon information and belief, at the time of the collision Defendant Hernandez was operating the 2013 Ford F250 owned and registered by Defendant Regency with the express and implied consent and permission of Defendants Regency Homebuilders, LLC and/or John Does 1-5.

19.     Upon information and belief, prior to the collision Defendant Hernandez had operated the 2013 Ford F250 owned and registered by Defendant Regency with the express and implied consent and permission of Defendants Regency Homebuilders, LLC and/or John Does 1-5.

## V. CAUSE OF ACTION - NEGLIGENCE

20.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

3

21.     Defendant Hernandez was negligent in the following particulars:

(a)     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. §27-51-104(a);

(b)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. §27-51-104(a), (b)(6) & (b)(8);

(c)     Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. §27-51-104(b)(6);

(d)     Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. §27-51-104(b)(8);

(e)     Failing to yield the right of way to oncoming traffic in violation of Ark. Code Ann. §27-51-503;

(f)     Failing to keep a proper lookout for other vehicles, in violation of the common law of Arkansas;

(g)     Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(h)     Otherwise failing to exercise ordinary care under the circumstances.

22.     Defendants Regency and/or John Does 1-5 were negligent in the following particulars:

(a)     Failing to properly train Defendant Hernandez to drive the vehicle he was operating at the time of the collision in a reasonably safe manner;

(b)     Failing to properly supervise Defendant Hernandez in his duties related to driving the vehicle he was operating at the time of the collision in a reasonably safe manner;

(c)     Failing to implement proper policies and procedures for Defendant Hernandez to follow concerning proper and safe driving; and

(d)     Failing to act with reasonable and ordinary care under the circumstances.

23.     The negligence of Defendant Hernandez is imputed to Defendants Regency and/or John Does 1-5 as a matter of law and pursuant to the doctrine of *respondeat superior,* joint enterprise and any other vicarious liability law in the State of Arkansas.

## VI. *PROXIMATE CAUSATION*

24.     All of the allegations previously plead herein are re-alleged as though stated word-for-

4

word.

25.     The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff Driver.

## VII.  INJURIES AND COMPENSATORY DAMAGES

26.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

27.     Plaintiff sustained personal injuries and damages as a result of the collision.

28.     Plaintiff is entitled to the following damages:

    (a)     the nature, extent, duration, and permanency of her injuries;

    (b)     the full extent of the injuries she sustained;

    (c)     the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

    (d)     any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

    (e)     the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and

    (f)     the visible results of her injuries.

29.     The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VIII.  DEMAND FOR JURY TRIAL

30.     Plaintiff hereby demands a trial by jury.

## IX.  DEMAND & PRAYER

31.     The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

32.     The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for

all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By:

Robert L. Beard (Ark. Bar No. 2011150 )
beard@rainfirm.com
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:     (501) 868-2500
Telefax:       (501) 868-2508

### A.C.A. §16-56-125 AFFIDAVIT

STATE OF ARKANSAS               )
                                )
COUNTY OF CRITTENDEN            )

     Comes now Robert L. Beard, attorney for Plaintiff Tiffany Driver, in her action being filed in Crittenden County Circuit Court, being first duly sworn on oath states as follows:

     While I believe that the proper defendants and corporate or company defendants have been named, I do not know with certainty if there is another person or entity that shared the responsibility for the incident complained of in this case.  If there is another owner, employer, entity or individual that is or may be liable to Plaintiff for her injuries and damages stated herein, their identity or proper name is unknown to me at this time.  I intend to discover the identity of any other responsible party in discovery of this case and the Complaint will be amended to add the identity of that party, if appropriate.

     Further Affiant saith not.

_2/19/19_
(Date)

_____
Robert L. Beard

Subscribed and sworn before me on _2/19/19_

My commission expires: _10/25/2022_

Notary Public

THERESA LARRY
PULASKI COUNTY
NOTARY PUBLIC -- ARKANSAS
My Commission Expires 10-25-2022
Commission No. 12390458

7

all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By:

Robert C. Beard (Ark. Bar No.2002109 )
beard@rainfirm.com
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Telephone:    (501) 868-2500
Telefax:       (501) 868-2508

6

THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

CIVIL DIVISION [Civil, Probate, etc.]

TIFFANY DRIVER
Plaintiff

v.                                       No. C∀ 2019 − 187

RUBEN HERNANDEZ,
REGENCY HOMEBUILDERS, LLC
and JOHN DOES 1-5
Defendants

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

RUBEN HERNANDEZ   [Defendant's name and address.]

_____

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Robert L. Beard, Rainwater, Holt & Sexton, P. O. Box 17250, Little Rock, Arkansas 72222.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

Address of Clerk's Office

*100 Court St.*

*Marion, AR*

[SEAL]

CLERK OF COURT

*Sarah Trough*

[Signature of Clerk or Deputy Clerk]

Date: *2/25/19*

No. _____ This summons is for **Ruben Hernandez** (*name of Defendant*).

## PROOF OF SERVICE

❏ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

❏ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❏ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❏ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❏ On_____ [date] at _____ [address], where the

defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____

[name and job description]; or


❏ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.


❏ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.


❏ Other [specify]:


❏ I was unable to execute service because:


My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____

       SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
       [signature of server]

_____
       [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
       [signature of server]

_____
       [printed name]

Address: _____

Phone: _____

Subscribed and sworn to before me this date: _____

       Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

CIVIL DIVISION [Civil, Probate, etc.]

TIFFANY DRIVER
Plaintiff

v.                                    No. _CV 2019-197_

RUBEN HERNANDEZ,
REGENCY HOMEBUILDERS, LLC
and JOHN DOES 1-5
Defendants

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

REGENCY HOMEBUILDERS, LLC  [Defendant's name and address.]

Registered Agent: Mark Miesse
7518 Enterprise Avenue
Germantown, TN 38138

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Robert L. Beard, Rainwater, Holt & Sexton, P. O. Box 17250, Little Rock, Arkansas 72222.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____ ____ __

CLERK OF COURT

Address of Clerk's Office

*100 Cowrt St.*

*Marion, AR 72364*

[SEAL]

*Sarah Sranah*

[Signature of Clerk or Deputy Clerk]

Date: *2/25/19*

No. _____ **This summons is for** <u>REGENCY HOMEBUILDERS, LLC</u> (*name of Defendant).*

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of

summons on behalf of _____ [name of defendant]; or


☐  On_____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____
[name and job description]; or


☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.


☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:


☐ I was unable to execute service because:



My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____

SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
        [signature of server]

_____
        [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
        [signature of server]

_____
        [printed name]

Address: _____

Phone: _____

Subscribed and sworn to before me this date: _____

        Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____

## COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

FILED
2019 FEB 21 PM 1:51
CIRCUIT
CRITTENDEN COUNTY
TERRY HAWKINS
CIRCUIT CLERK
COUNTY

The civil reporting form and the information contained herein shall not be admissible as evidence in any
court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as
required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8.
Instructions are available at https://courts.arkansas.gov.                                    1/1/2017

**County:** Crittenden _____ **District:** _____ **Filing Date:** 2/19/2019 _____
**Judge:** _____ **Division:** _____ **Case ID:** _____

**Type of case (select one that best describes the subject matter)**  (NM) Automobile Tort

| Plaintiff | | Defendant | |
|---|---|---|---|
| Company/ Last Name | Driver | Company/ Last Name | Hernandez |
| Suffix | | Suffix | |
| First Name | Tiffany | First Name | Ruben |
| DL/State ID | | DL/State ID | |
| Address | | Address | |
| City, State ZIP | | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ○ Yes  ◉ No | Self-represented | ○ Yes  ○ No |
| DOB | | DOB | |
| Interpreter needed? | ○ Yes: ----------------- ◉ No other language: _____ | Interpreter needed? | ○ Yes: ----------------- ○ No other language: _____ |

**Attorney of Record:** Robert L. Beard _____   **Bar #:** 2002109 _____
For the: ◉ Plaintiff ○ Defendant ○ Intervenor   **Email Address:** beard@rainfirm.com
**Related Case(s):** Judge: _____   Case ID(s): _____
**Manner of filing (choose one):** (MFO) Original

**COVER SHEET**
**STATE OF ARKANSAS**
**CIRCUIT COURT: CIVIL**

*Additional Civil Case Party Information. Attach this and additional pages if needed.*

If amending an existing case to add parties, include:

Case ID: _____   Case Styling: <u>Driver v. Hernandez, et. al</u>

| Party type: | ○ Plaintiff  ⦿ Defendant | Party type | ○ Plaintiff  ○ Defendant |
|---|---|---|---|
| Company/ Last Name | Regency Homebuilders, LLC | Company/ Last Name | |
| Suffix | | Suffix | |
| First Name | | First Name | |
| DL/State ID | | DL/State ID | |
| Address | | Address | |
| City, State ZIP | | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ○ Yes    ○ No | Self-represented | ○ Yes    ○ No |
| DOB | | DOB | |
| Interpreter needed? | ○ Yes: ----------------------- <br> ○ No  other language: _____ | Interpreter needed? | ○ Yes: ----------------------- <br> ○ No  other language: _____ |

| Party type: | ○ Plaintiff    ○ Defendant | Party type | ○ Plaintiff    ○ Defendant |
|---|---|---|---|
| Company/ Last Name | | Company/ Last Name | |
| Suffix · | | Suffix | |
| First Name | | First Name | |
| DL/State ID | | DL/State ID | |
| Address | | Address | |
| City, State ZIP | | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ○ Yes    ○ No | Self-represented | ○ Yes    ○ No |
| DOB | | DOB | |
| Interpreter needed? | ○ Yes: ----------------------- <br> ○ No  other language: _____ | Interpreter needed? | ○ Yes: ----------------------- <br> ○ No  other language: _____ |

OFFICE OF
TERRY HAWKINS
CIRCUIT COURT CLERK AND RECORDER



CRITTENDEN COUNTY
100 COURT STREET
MARION, ARKANSAS 72364

870-739-3248
Fax 870-739-3287

2/21/19

CV 2019 - 187
Tiffany Driver
V- Ruben Hernandes

Dear Sir/Madam:

The above case has been assigned to Judge Ralph Wilson Jr.  Please feel free to call the Case Coordinator if you should have any questions in regards to the settings of this case.

Billie Jo Bowles
P.O. Box 506
Osceola, AR 72370
870-563-6035

Sincerely,

Terry Hawkins

cc;Billie Jo Bowles



# RAINWATER HOLT & SEXTON, P.A.
ATTORNEYS AT LAW

P.O. Box 17250      Little Rock, AR 72222-7250      Tel: 800-434-4800      Fax: 501-868-2505      www.rainfirm.com

Michael R. Rainwater *‡
J. Stephen Holt (1967-2014)
Robert M. Sexton ‡
Matthew C. Hutsell *
Jeremy M. McNabb †‡
John M. Rainwater
Jessica B. Vaught
Thomas J. Diaz ๏
Robert L. Beard, Jr.
Geoff Thompson
John D. Miller III
Denise R. Hoggard ๏๛
Danielle E. Robertson
Lauren A. Manatt
Laura Beth York
Joshua D. Standerfer
Jonathan Q. Warren
Jake M. Logan †
Ashley M. Loy
Seth D. Hyder
Kirby D. McDonald
Meredith S. Moore
Randal H. Hobbs
Shawn H. Rowland
Kolton K. Jones
Whitney B. James
Wm. Marshall Hubbard
Milton A. DeJesus
    Of Counsel

Little Rock
501-868-2500
Conway
501-328-2000
Hot Springs
501-525-9000
Fayetteville
479-271-2310

February 19, 2019

Crittenden County Circuit Clerk
Ms. Terri Hawkins
100 Court Street
Marion, AR 72364

**Re:    Tiffany Driver v. Ruben Hernandez, et. Al**
**        Crittenden County Circuit Court**

Dear Sir/Madam:

Enclosed for filing is the original and two (2) copies of a Complaint regarding the above-referenced case. We would appreciate your filing same, issuing Summons and returning in the envelope provided. Our firm check in the amount of $ 170.00and Civil Cover Sheet is also enclosed to satisfy filing requirements.

We appreciate your assistance in this matter.

Sincerely,

Audra Williams
Paralegal/Litigation Case Manager

Enclosures
7000.22560-LT

Also licensed in:
* Mississippi
† Missouri
‡ Tennessee
๏ Wisconsin
๏๛ Texas

**IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS**
**CIVIL DIVISION**

2019 APR -1 AM 11:38

**TIFFANY DRIVER**                                                                    **PLAINTIFF**

**v.**                                         **NO.: 18CV-2019-187**

**RUBEN HERNANDEZ;**                                                     **DEFENDANTS**
**And REGENCY HOMEBUILDERS, LLC**
**And JOHN DOES 1-5**

---

### ANSWER OF SEPARATE DEFENDANT RUBEN HERNANDEZ

---

Comes separate defendant, Ruben Hernandez, by and through
his lawyer, Michael D. Snell, and for his answer to plaintiff's
complaint, states as follows:

#### ANSWER

1. Defendant is without sufficient knowledge or information
so as to admit or deny the allegations contained in paragraph 1
of plaintiff's complaint; therefore, defendant denies same.

2. Defendant admits the allegations contained in paragraph 2
of plaintiff's complaint.

3. Defendant admits that portion of paragraph 3 of
plaintiff's complaint that alleges that Regency Homebuilders,
LLC ("Regency") was the registered owner of the vehicle
Hernandez was driving, and that Regency was Hernandez' employer.
Defendant is without sufficient knowledge or information so as
to admit or deny the remaining allegations contained in

paragraph 3 of plaintiff's complaint; therefore, defendant denies same.

4. There are no factual allegations contained in paragraph 4 of plaintiff's complaint requiring answer by defendant; however, to the extent that any factual allegations are contained therein, defendant denies same.

5. Paragraph 5 of plaintiff's complaint contains no allegation requiring an answer from defendant; however, to the extent that any allegations requiring answer are contained therein, defendant denies same.

6. Defendant admits the allegations contained in paragraph 6 of plaintiff's complaint.

7. Defendant admits the allegations contained in paragraph 7 of plaintiff's complaint.

8. There are no allegations contained in paragraph 8 of plaintiff's complaint directed at this defendant and requiring an answer from this defendant; however, to the extent that any specific allegations therein are directed to this defendant, defendant denies same.

9. Defendant denies the allegations contained in paragraph 9 of plaintiff's complaint.

10. Defendant denies the allegations contained in paragraph 10 of plaintiff's complaint.

11. Defendant denies the allegations contained in paragraph 11 of plaintiff's complaint.

12. Paragraph 12 of plaintiff's complaint contains no allegations requiring answer; however, to the extent that any allegations requiring answer are contained therein; defendant denies same.

13. Defendant denies the allegations contained in paragraph 13 of plaintiff's complaint.

14. Defendant denies the allegations contained in paragraph 14 of plaintiff's complaint.

15. Defendant denies the allegations contained in paragraph 15 of plaintiff's complaint.

16. Defendant denies the allegations contained in paragraph 16 of plaintiff's complaint.

17. Defendant admits that portion of paragraph 17 that alleges that he was an employee of Regency and that he was acting in the scope and course of his employment but denies each and every additional allegation contained in paragraph 17 of plaintiff's complaint.

18. Defendant admits the allegations contained in paragraph 18 of plaintiff's complaint.

19. Defendant admits the allegations contained in paragraph 19 of plaintiff's complaint.

20. Paragraph 20 contains no allegations requiring an answer from defendant; however, to the extent that any allegations requiring answer are contained therein, defendant denies same.

21. Defendant denies each and every allegation contained in paragraph 21 of plaintiff's complaint, to include each and every sub-paragraph thereto.

22. Defendant denies each and every allegation contained in paragraph 22 of plaintiff's complaint, to include each and every sub-paragraph thereto.

23. Paragraph 24 of plaintiff's complaint contains no allegations directed at this defendant and requiring an answer from this defendant; however, to the extent that any specific allegations are directed at this defendant, defendant denies same. Defendant neither admits or denies any allegations directed at any other party hereto.

24. Paragraph 24 of plaintiff's complaint contains no allegations requiring an answer by defendant; however, to the extent that any allegations requiring answer are contained therein, defendant denies same.

25. Defendant denies the allegations contained in paragraph 25 of plaintiff's complaint.

26. Paragraph 26 contains no allegations requiring an answer from this defendant; however, to the extent that any allegations

requiring an answer are contained therein, defendant denies same.

27. Defendant denies the allegations contained in paragraph 27 of plaintiff's complaint.

28. Defendant denies the allegations contained in paragraph 28 of plaintiff's complaint, to include each and every sub-paragraph thereto.

29. Defendant denies the allegations contained in paragraph 29 of plaintiff's complaint.

30. Defendant joins plaintiff in demanding a trial by jury on all justiciable facts.

31. Defendant denies the allegations contained in paragraph 31 of plaintiff's complaint.

32. Defendant denies the allegations contained in paragraph 32 of plaintiff's complaint.

33. Defendant denies each and every allegation contained in plaintiff's complaint not specifically admitted herein.

34. Defendant reserves the right to amend his answer upon completion of discovery in this matter.

**AFFIRMATIVE DEFENSES**

35. Defendant restates, realleges, and incorporates herein by reference thereto each and every paragraph 1-34 above as if each were set forth herein specifically and word for word.

36. Defendant states affirmatively the plaintiff's complaint fails to state a claim for which relief can be granted pursuant to the provisions of Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

37. Defendant states affirmatively that any injuries allegedly suffered by plaintiff were caused by the sole, concurring, and/or contributory negligence of the plaintiff.

38. Defendant states affirmatively that the plaintiff assumed the risk of her injuries.

39. Defendant states affirmatively that plaintiff's complaint fails to join a necessary party in whose absence complete relief cannot be accorded among those already parties, pursuant to Rule 19 of the Arkansas Rules of Civil Procedure.

40. Defendant states affirmatively that any injuries allegedly suffered by plaintiff were caused by an independent, intervening agency or instrumentality over which defendant had no control or right to control.

41. Defendant states affirmatively that any alleged injuries suffered by plaintiff were directly and proximately caused by the superseding, intervening acts and omissions of a third party or third parties for which defendant is neither responsible nor liable.

42. Defendant states affirmatively the plaintiff failed to mitigate any alleged damages she may have suffered.

43. Defendant states affirmatively that defendant is entitled to set-off, contribution, and/or indemnity should any damages be awarded against him, in the amount of damages or settlement amounts recovered by plaintiff with respect to the same alleged injuries.

44. One or more co-defendants and/or third parties over which defendant had no control, nor right of control, was the sole direct or proximate cause, contributing cause, producing cause, intervening cause, and/or new and independent cause of plaintiff's alleged damages. Defendant therefore affirmatively requests apportionment of fault under the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201, *et. seq.*

45. Defendant affirmatively requests all limitations on damages applicable under the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201, *et. seq.*

46. Defendant hereby relies on the affirmative defenses of insufficient process, insufficient service of process, estoppel, waiver, comparative fault and each and every affirmative defense available pursuant to Rules 8 and 12 of the Arkansas Rules of Civil Procedure.

47. Defendant reserves the right to amend his answer to include the assertion of additional affirmative defenses upon completion of discovery herein.

**WHEREFORE, PREMISES CONSIDERED**, defendant prays that:

1. Plaintiff's complaint be dismissed and held for naught;

2. Defendant be granted judgment in his favor and against defendant;

3. He be granted a reasonable fee for his attorney and for costs herein incurred;

4. He be granted any and all further relief to which he may be entitled under law.

Respectfully submitted,

RUBEN HERNANDEZ

By: _____
Michael D. Snell (07153)
P.O. Box 1280
Marion, AR 72364

## CERTIFICATE OF SERVICE

I, Michael D. Snell, do hereby certify that I have served upon counsel of record for plaintiff, and to counsel for co-defendant, Regency, a true and complete copy of the foregoing Answer, by placing a copy thereof for delivery by U.S. Mail, postage prepaid, and addressed as follows:

Mr. Robert L. Beard, Esq.
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222

Mr. Justin N. Joy, Esq.
Lewis Thomason
One Commerce Square
29th Floor
40 South Main
Memphis, TN 38103

This 29th day of March 2019.

Michael D. Snell

THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

CIVIL DIVISION [Civil, Probate, etc.]

TIFFANY DRIVER
Plaintiff

v.                                    No. CV 2019- 187

RUBEN HERNANDEZ,
REGENCY HOMEBUILDERS, LLC
and JOHN DOES 1-5
Defendants

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

REGENCY HOMEBUILDERS, LLC  [Defendant's name and address.]

Registered Agent: Mark Miesse
7518 Enterprise Avenue
Germantown, TN 38138

A lawsuit has been filed against you. The relief demanded is stated in the attached
complaint. Within 30 days after service of this summons on you (not counting the day
you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other
correctional facility in Arkansas — you must file with the clerk of this court a written
answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil
Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose
name and address are: Robert L. Beard, Rainwater, Holt & Sexton, P. O. Box 17250,
Little Rock, Arkansas 72222.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

CLERK OF COURT

Address of Clerk's Office

*100 Court St.*

*Marion, AR* 73364

*Sarah Branch*
[Signature of Clerk or Deputy Clerk]

Date: 2/25/19

[SEAL]

No. _____ This summons is for <u>REGENCY HOMEBUILDERS, LLC</u> (*name of Defendant*).

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of

summons on behalf of _____ [name of defendant]; or

☐  On_____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____

[name and job description]; or

☒  I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____

      SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
      [signature of server]

_____
      [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _3/28/19_

By: _____
      [signature of server]

_Robert L. Beard_____
      [printed name]

Address: _P.O. Box 1250, Little Rock, AR 72222_

Phone: _501-868-2500_____

Subscribed and sworn to before me this date: _3/28/19_

Notary Public _Audra S. Willi_____

My Commission Expires: _2/11/29_____

Audra E. Williams
PULASKI COUNTY
NOTARY PUBLIC – ARKANSAS
My Commission Expires  February 11, 2029
Commission No. 12706734

Additional information regarding service or attempted service:

_____

_____





# RAINWATER HOLT & SEXTON, P.A.

ATTORNEYS AT LAW

P.O. Box 17250    Little Rock, AR 72222-7250    Tel: 800-434-4800    Fax: 501-868-2505    www.rainfirm.com

Michael R. Rainwater *‡
J. Stephen Holt (1967-2014)
Robert M. Sexton ‡
Matthew C. Hutsell *
Jeremy M. McNabb †‡
John M. Rainwater
Jessica B. Vaught
Thomas J. Diaz ø
Robert L. Beard, Jr.
Geoff Thompson
John D. Miller III
Denise R. Hoggard ⚮
Danielle E. Robertson
Lauren A. Manatt
Laura Beth York
Joshua D. Standerfer
Jonathan Q. Warren
Jake M. Logan †
Ashley M. Loy
Seth D. Hyder
Kirby D. McDonald
Meredith S. Moore
Randal H. Hobbs
Shawn H. Rowland
Kolton K. Jones
Whitney B. James
Wm. Marshall Hubbard
Milton A. DeJesus
   *Of Counsel*

**Little Rock**
501-868-2500
**Conway**
501-328-2000
**Hot Springs**
501-525-9000
**Fayetteville**
479-271-2310

Also licensed in:
* Mississippi
† Missouri
‡ Tennessee
ø Wisconsin
⚮ Texas

March 28, 2019

Crittenden County Circuit Clerk
Ms. Terri Hawkins
100 Court Street
Marion, AR 72364

    **Re:**    *Tiffany Driver v. Ruben Hernandez, et al.*
           **Crittenden County Circuit Court; 18CV-19-187**

Dear Sir/Madam:

    Enclosed for filing is the original and two (2) copies of a the Proof of Service for Defendant Regency Homebuilders. Please file same, and return file-marked copy in the provided envelope.

    We appreciate your assistance in this matter.

           Sincerely,

           Audra Williams
           Paralegal/Litigation Case Manager

Enclosures
7000.22560-LT