*FILED*
2019 FEB 21 PH 1:51
CIRCUIT CLERK
CRITTENDEN COUNTY, AR

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**TIFFANY DRIVER**                                                                **PLAINTIFF**

**VS.**                                         NO. C V 2019 - 187

**RUBEN HERNANDEZ,**                                                          **DEFENDANTS**
**and REGENCY**
**HOMEBUILDERS, LLC**
**and JOHN DOES 1-5**

## COMPLAINT

COMES NOW the Plaintiff, Tiffany Driver, by and through her attorneys, RAINWATER, HOLT

& SEXTON, P.A., and for her Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1.      Plaintiff Tiffany Driver was at all times relevant a citizen and resident of Burbank,

Los Angeles County, California.

2.      Upon information and belief, Defendant Ruben Hernandez (hereinafter "Defendant

Hernandez") was at all times relevant a resident of Memphis, Shelby County, Tennessee.

3.      Upon information and belief, Regency Homebuilders, LLC (hereinafter "Defendant

Regency") was at all times relevant the registered owner of the vehicle Ruben Hernandez was

operating at the time of the collision and Defendant Hernandez' employer and/or principal.

Defendant Regency is a domestic limited liability company and is registered with the Tennessee

Secretary of State, and its principal address is 3420 South Houston Levee Road, Germantown,

Tennessee 38139. Defendant Regency's Registered Agent is Mark B. Miesse, whose address for

service of process is 7518 Enterprise Avenue, Germantown, Tennessee 38138. Defendant Regency

is not registered with the Arkansas Secretary of State.

4.      Defendants John Doe 1-5 are any other unidentifiable person or entity who has

liability for this incident.  While Plaintiff believes that the relevant parties have been named herein,

she is adding John Does 1-5 as defendants out of an abundance of caution so that discovery can be conducted and any appropriate amendments can be timely made. Pursuant to Ark. Code Ann. § 16-56-125, an affidavit is attached to this Complaint.

## II. JURISDICTION AND VENUE

5.      All of the allegations previously plead herein are re-alleged as though stated word-for-word.

6.      This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

7.      Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

8.      Upon information and belief at all times relevant to the events mentioned herein, Defendants Regency and John Does 1-5 offered goods and services in Arkansas, solicited business in Arkansas, marketed their business in Arkansas and did, in fact, conduct business in Arkansas, including, but not limited to, residential home construction, residential home design and residential home interior design.

9.      The motor vehicle collision giving rise to this cause of action occurred on the north service road to I-55 North in West Memphis, Crittenden County, Arkansas.

10.      This court has personal jurisdiction over all the Defendants based on sufficient minimum contacts with and within Crittenden County, Arkansas (and throughout Arkansas) as stated herein at all times relevant.

## III. BASIC PREMISE

11.      This is a negligence case which arises from a motor vehicle collision that occurred on May 12, 2018, on the north service road at its intersection with I-55 North in West Memphis, Crittenden County, Arkansas.

2

## IV. FACTS

12.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

13.     On or about May 12, 2018, at approximately 8:25 PM, Plaintiff was a passenger in a 2011 Chevrolet Traverse traveling west on the north I-55 North service road at its intersection with I-55 North bound service ramp.

14.     At the same time, Defendant Ruben Hernandez was traveling east on the north I-55 North service road at its intersection with I-55 North bound service ramp in a 2013 Ford F250.

15.     The vehicle Plaintiff was in had the right of way and attempted to enter I-55 North by way of the I-55 North bound service ramp when Defendant Hernandez failed to yield the right of way to the vehicle Plaintiff was in and the vehicles had a head-on collision.

16.     As a result of the collision, Plaintiff Driver sustained personal injuries and damages.

17.     Upon information and belief, at the time of the collision, Defendant Hernandez was an employee and/or agent of Defendants Regency Homebuilders, LLC and/or John Does 1-5 and upon information and belief, Defendant Hernandez was acting in the course and scope of his employment and/or agency with Defendants Regency and/or John Does 1-5 at the time of the May 12, 2018 motor vehicle collision.

18.     Upon information and belief, at the time of the collision Defendant Hernandez was operating the 2013 Ford F250 owned and registered by Defendant Regency with the express and implied consent and permission of Defendants Regency Homebuilders, LLC and/or John Does 1-5.

19.     Upon information and belief, prior to the collision Defendant Hernandez had operated the 2013 Ford F250 owned and registered by Defendant Regency with the express and implied consent and permission of Defendants Regency Homebuilders, LLC and/or John Does 1-5.

## V. CAUSE OF ACTION - NEGLIGENCE

20.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

21.    Defendant Hernandez was negligent in the following particulars:

(a)    Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. §27-51-104(a);

(b)    Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. §27-51-104(a), (b)(6) & (b)(8);

(c)    Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. §27-51-104(b)(6);

(d)    Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. §27-51-104(b)(8);

(e)    Failing to yield the right of way to oncoming traffic in violation of Ark. Code Ann. §27-51-503;

(f)    Failing to keep a proper lookout for other vehicles, in violation of the common law of Arkansas;

(g)    Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(h)    Otherwise failing to exercise ordinary care under the circumstances.

22.    Defendants Regency and/or John Does 1-5 were negligent in the following particulars:

(a)    Failing to properly train Defendant Hernandez to drive the vehicle he was operating at the time of the collision in a reasonably safe manner;

(b)    Failing to properly supervise Defendant Hernandez in his duties related to driving the vehicle he was operating at the time of the collision in a reasonably safe manner;

(c)    Failing to implement proper policies and procedures for Defendant Hernandez to follow concerning proper and safe driving; and

(d)    Failing to act with reasonable and ordinary care under the circumstances.

23.    The negligence of Defendant Hernandez is imputed to Defendants Regency and/or John Does 1-5 as a matter of law and pursuant to the doctrine of *respondeat superior,* joint enterprise and any other vicarious liability law in the State of Arkansas.

## VI.  PROXIMATE CAUSATION

24.    All of the allegations previously plead herein are re-alleged as though stated word-for-

word.

25.    The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff Driver.

## VII. INJURIES AND COMPENSATORY DAMAGES

26.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

27.    Plaintiff sustained personal injuries and damages as a result of the collision.

28.    Plaintiff is entitled to the following damages:

(a)    the nature, extent, duration, and permanency of her injuries;

(b)    the full extent of the injuries she sustained;

(c)    the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)    the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and

(f)    the visible results of her injuries.

29.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VIII. DEMAND FOR JURY TRIAL

30.    Plaintiff hereby demands a trial by jury.

## IX. DEMAND & PRAYER

31.    The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

32.    The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for

all other proper relief to which she may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By:

Robert L. Beard (Ark. Bar No. 2011150 )
beard@rainfirm.com
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:    (501) 868-2500
Telefax:        (501) 868-2508