IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TIFFANY DRIVER**                                                                                           **PLAINTIFF**

V.                                          **3:19CV00086 JM**

**RUBEN HERNANDEZ and**
**REGENCY HOMEBUILDERS LLC**                                         **DEFENDANTS**

## ORDER

Pending is Defendant Regency Homebuilders LLC's ("Regency") motion to dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2). Plaintiff Tiffany Driver has responded, and Regency has replied.

On May 12, 2018 Defendant Reuben Hernandez was driving a truck owned by his employer Regency Homebuilders. Hernandez collided with a vehicle in which Plaintiff was a passenger. Plaintiff was injured in the accident. The collision occurred in West Memphis, Arkansas.

Regency is a limited liability company registered with the Tennessee Secretary of State with a principle place of business in Germantown, Tennessee. (Amended Complaint ECF No. 35). According to the affidavit of Gery Carlson, Regency's chief financial officer, Regency is in the business of designing, constructing, and renovating single-family homes in southwestern Tennessee and northwestern Mississippi. (ECF No. 36-2). Mr, Carlson states that Regency does not have an office in Arkansas, does not build homes in Arkansas, and does not advertise in any way in Arkansas. (ECF No. 36-2). Regency does not have any employees that reside in Arkansas. *Id.* Carlson states that Ruben Hernandez was not on the business of Regency when the accident with Plaintiff occurred and was not operating the truck with the permission of Regency.

*Id.* Regency contends that the Court does not have personal jurisdiction over it because Regency does not have minimum contacts with the State of Arkansas. Plaintiff argues that the Court has personal jurisdiction over Regency because the collision occurred in Arkansas, Regency owned the truck and employed the driver.

### I.     Standard to be applied to a Rule 12(b)(2) analysis

Rule 12(b)(2) provides an avenue for dismissal where a federal court does not have personal jurisdiction over a defendant. When personal jurisdiction is challenged or controverted in federal court, a plaintiff has the burden to show jurisdiction exists. *See Denver v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072–73 (8th Cir. 2004) (internal citation omitted). Specifically, a plaintiff must make a prima facie showing that personal jurisdiction exists, which requires creating "a reasonable inference that the defendant can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011). Although "[t]he evidentiary showing required at the prima facie stage is minimal, the "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits" supporting or opposing the motion. *Id.* (internal citations omitted). The district court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in its favor in deciding whether the plaintiff made the requisite showing.

### II.    Discussion of the Law

"Because Arkansas's long-arm statute is coextensive with constitutional limits, this Court must determine only if the exercise of personal jurisdiction over Regency would offend due process." *Laymance v. Shourd*, 2019 WL 2078986, at *1 (E.D. Ark. Mar. 21, 2019) (citing *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006)). Due process requires a defendant to have such minimum contacts with the forum state that the maintenance of a suit does not offend

traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant must "reasonably anticipate being haled into court" in the forum state, and maintenance of the lawsuit there must "not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Plaintiff contends that the Court has personal specific jurisdiction over Regency. The Arkansas Supreme Court has stated:

> [T]je following criteria are necessary for personal specific jurisdiction: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from or relate to the defendant's contacts with the forum state; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendant reasonable.

*Lawson v. Simmons Sporting Goods, Inc*., 569 S.W.3d 865, 871 (Ark. 2019).

To prove specific personal jurisdiction, Plaintiff claims that Mr. Hernandez was operating Regency's truck in the course and scope of his employment with Regency when the accident occurred. She argues that under Arkansas law there is a presumption an employee is acting within the scope of his employment when he is driving an employer-owned vehicle. An employee is acting within the scope of his employment if he is doing anything that may reasonably be part of his employment or in furtherance of the employers' interest, even though not expressly authorized.

In his deposition, Mr. Hernandez testified that Regency was aware the he drove the truck for personal business because his boss had seen him driving the company truck around town on personal business. However, there is no evidence that Regency knew Mr. Hernandez drove the truck on personal business in Arkansas. Mr. Hernandez does not live in Arkansas. Regency does

not have any employees who live in Arkansas. Viewing the facts in the light most favorable to Plaintiff, Mr. Hernandez's testimony does not reveal any contacts between Regency and Arkansas. There is no evidence that Hernandez was driving in Arkansas in furtherance of Regency's interest. Regency does not have any business in Arkansas. Plaintiff has failed to set forth facts to show Regency purposefully availed itself of the privilege of conducting activities in this state and that Regency had reason to anticipate being haled into court in Arkansas. Regency lacks minimum contacts with Arkansas to bring it within the jurisdiction of this Court.

### III.   Conclusion

For these reasons, Regency's motion to dismiss (ECF No. 36) is GRANTED. Regency is dismissed without prejudice.

IT IS SO ORDERED this 4th day of May, 2021.

_____
James M. Moody Jr.
United States District Judge